Cite as: 585 U. S. \_\_\_\_ (2018)

# SUPREME COURT OF THE UNITED STATES

## ROBERT IRA PEEDE *v.* JULIE L. JONES, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 17–8491.  Decided June 25, 2018

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG joins, respecting the denial of certiorari.

In his petition for writ of habeas corpus under 28 U. S. C. §2254, petitioner Robert Peede contended that he received ineffective assistance of counsel during his capital sentencing proceedings because his trial counsel did not present certain mitigating evidence concerning his mental health and difficult childhood.  The District Court granted habeas relief on the basis that counsel's performance was deficient and that there was a reasonable probability that Peede would have received a different sentence had counsel introduced the mitigating evidence.  On appeal from that decision, the Court of Appeals for the Eleventh Circuit reversed.  In its view, Peede could not establish that he was prejudiced by any deficiency of counsel because the "new mitigation evidence . . . posed a doubled-edge-sword dilemma" in that "the new information could have hurt as much as it helped."  *Peede* v. *Attorney General*, 715 Fed. Appx. 923, 931 (2017).  The Eleventh Circuit further noted that it "ha[s] repeatedly ruled that [such so-called double-edged] post-conviction evidence is usually insufficient to warrant habeas relief."  *Id.*, at 931–932.

Such a blanket rule foreclosing a showing of prejudice because the new evidence is double edged flatly contradicts this Court's precedent.  See *Rompilla* v. *Beard*, 545 U. S. 374, 393 (2005); *Wiggins* v. *Smith*, 539 U. S. 510, 534

(2003); *Williams* v. *Taylor*, 529 U. S. 362, 398 (2000).  As I recently emphasized in dissent from the denial of certiorari in *Trevino* v. *Davis*, 584 U. S. ___ (2018), "[w]here . . . new evidence presented during postconviction proceedings includes both mitigating and aggravating factors, a court still must consider all of the mitigating evidence alongside all of the aggravating evidence."  *Id.,* at ___ (slip op., at 3).  That is, "new evidence must not be evaluated in isolation," regardless of whether it is considered to be double edged. *Ibid.*

Considering the posture of this case, under which our review is constrained by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U. S. C. §§2254(d)(1)–(2), I cannot conclude the particular circumstances here warrant this Court's intervention.  That said, the Eleventh Circuit's consideration of Peede's claim is deeply concerning.  The ultimate question at issue in a case like this is whether "there is a reasonable probability that [the jury] would have struck a different balance."  *Wiggins*, 539 U. S., at 537.  A truncated consideration of new mitigating evidence that simply dismisses it as double edged does nothing to further that inquiry.